# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

CHRIS EARL GETER, )
)
     Plaintiff, ) Civil Action No. 0:06-3015-CMC-BM
)
v. )
)
LARRY W. POWERS, ) **REPORT AND RECOMMENDATION**
CAPTAIN SPELLAR, )
)
     Defendants. )
_____)

  This action has been filed by the Plaintiff, <u>pro se</u>, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a prisoner at the Spartanburg County Detention Center, alleges violations of his constitutional rights by the named Defendants.

  The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 9, 2007. As the Plaintiff is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on April 18, 2007, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response to the Defendants' motion on July 26, 2007. Defendants' motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review

1



## **Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that he receives only "limited medical attention" at the Spartanburg County Detention Center, and that when he writes to "medical telling them what I think is wrong", he only receives a "pill".  Plaintiff also generally complains about the conditions of his confinement, specifically that the food is cold, that he has inadequate opportunity for time outside of his cell, that guards beat inmates up, and that prisoners are generally treated "very unfair".  Plaintiff also complains about the amount prisoners are charged to buy items from the canteen, and that the "Warden" is making too much profit on these canteen goods. Attached to Plaintiff's Complaint as exhibits are numerous grievances he has filed at the jail. See generally, Verified Complaint with attached Exhibits.

In support of summary judgment in the case, the Defendant Larry Powers has submitted an affidavit wherein he attests that he is the Director of the Spartanburg County Detention Center, and that as Director he is responsible for the jail's overall operation and management. Powers attests that Plaintiff has been incarcerated at the Detention Center since June 26, 2006, awaiting disposition of several felony charges.  Powers attests that, although Plaintiff was initially housed in a general population unit, his behavior and an altercation with another inmate required him to be moved to a maximum security housing unit on July 3, 2006. See also Exhibit A to Powers Affidavit (Incident Report dated July 3, 2006).  Powers further attests that Plaintiff has been a

_____

by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint.  Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



recalcitrant and belligerent inmate since his arrival on July 26, 2006, that he consistently fails to follow the rules of the Detention facility, and that because he is already housed in maximum security, the Detention Center has no choice but to take away his privileges or place him in segregation when he threatens the security of the institution. Powers attests that Plaintiff has on numerous occasions refused to stand for head count, that he has been found in possession of contraband, and that he has also destroyed the sprinkler heads in his cell. See also, Exhibit B to Powers Affidavit (Incident Reports and related materials). Powers further attests that, even though Plaintiff is in disciplinary separation because of his conduct, he is allowed out into the open day room for one (1) hour per day, where he has daily access to a shower and can walk around. Powers attests that even when Plaintiff's access to the day room has been suspended because of behavioral problems, he is still permitted to shower at least every other day and to clean his room daily.

With respect to Plaintiff's claims about his food, Powers attests that the Detention Center makes every effort to provide inmates with nutritiously balanced meals, which are served at the appropriate time and at the correct temperature. Powers attests that food trays are placed into warming bins on carts and wheeled to the individual pods, with the trays then being removed and distributed to each inmate. Powers attests that the Bureau of Environmental Health and Food Protection inspected the food operations at the Detention Center on June 2, 2006 and again on January 22, 2007, and found no violations concerning food preparation, including temperature. Powers attests that on both of these occasions, the Detention Center received an "A" rating. See also Exhibit C to Powers Affidavit (Bureau of Environmental Health Inspection Reports).

Powers attests that he is not aware of any incidents of force that have been used against the Plaintiff, and that contrary to Plaintiff's complaints about being denied medical attention,



his medical complaints have been expeditiously attended to by the medical staff.  Powers cites to the medical records and affidavit of Judy Collins as support for this statement.  Finally, Powers attests that all inmates are issued a full set of clothing upon arriving at the Detention Center, so there is no need for inmates to buy clothing, that purchasing items from the canteen is a privilege, and not a right, and that the allegation that he personally profits from the canteen is false.  See generally, Powers Affidavit with attached Exhibits.

The Defendant Teresa Speller has also submitted an affidavit wherein she attests that she is a captain at the Detention Center.  Speller attests to many of the same facts attested to by Powers in his affidavit, and states that she does not believe that she has ever violated any of the Plaintiff's constitutional rights. See generally, Speller Affidavit.

Finally, the Defendants have submitted an affidavit from Judy Collins, who attests that she is a registered nurse and the nursing supervisor at the Detention Center.  Collins attests that she is responsible for assisting and overseeing the medical care of inmates, including the distribution of medication to the inmate population and maintenance of medical files.  Collins attests that while confined at the Detention Center, Plaintiff began to complain of hemorrhoids, and that to relieve his hemorrhoidal discomfort, he was given Proctofoam.  Collins attests that when Plaintiff's hemorrhoids did not resolve on their own, he was sent to the Regional Surgical Specialist for evaluation, following which a hemorrhoidectomy was performed on November 1, 2006.  Following this surgery, Plaintiff was prescribed Colace (a stool softener), mineral oil, and Lortab (a pain reliever).  See also, Exhibits A & B attached to Collins Affidavit (Medical Records relating to Plaintiff's treatment for hemorrhoids).   Collins attests that Plaintiff had a follow-up appointment with Dr. Kristine Lombardozzi on November 17, 2006, who prescribed Colace, ibuprofen and Lortab for seven (7)

4



days.  Collins attests that, since that time, Plaintiff has made no further complaints concerning his hemorrhoids.  <u>See</u> <u>also</u> <u>Exhibit C to Collins Affidavit</u>.

Collins also attests that, following complaints to the medical staff concerning bumps on his back, Plaintiff was evaluated by the medical staff on July 31, 2006 and prescribed Bactrim by Dr. Salvatore Bianco.  However, Plaintiff refused treatment for this ailment on August 3, 2006. <u>See</u> <u>also</u> <u>Exhibit D to Collins Affidavit</u>.  Collins attests that on July 1, 2006, Plaintiff injured a finger on his right hand, following which he was sent to the Spartanburg Regional Medical Center for an x-ray on July 2, 2006. Plaintiff was referred to Carolina Hand for this injury, and Collins attests that the Detention Center has not interfered with the physical therapy treatment ordered by Carolina Hand, and has transported Plaintiff to his appointments. <u>See</u> <u>also</u> <u>Exhibit E to Collins Affidavit (various medical records)</u>.

Collins attests that the medical staff at the Detention Center has properly and professionally responded to Plaintiff's medical concerns and provided medical treatment to him, and that none of Plaintiff's constitutional rights have been violated. <u>See</u> generally, <u>Collins Affidavit, with attached Exhibits</u>.

In his response filed to the Defendants' motion, Plaintiff reiterates many of the claims initially set forth in his Complaint.  However, he has submitted no affidavits, exhibits, or any other material which could be considered evidence for purposes of consideration of his claims.

**<u>Discussion</u>**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of



law." Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.    Further, while the Federal Court is charged with liberally construing a complaint filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially meritorious case, <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

After careful review and consideration of the arguments and evidence submitted in this case, the undersigned finds and concludes that the Defendants are entitled to summary judgment. Plaintiff's Complaint can best be described as a hodge podge of general grievances concerning conditions of his confinement and how he is purportedly being treated.  However, he has presented no evidence to support a finding by this Court that a general issue of fact exists with respect to whether his constitutional rights are being violated[3], and the Court is not required to simply accept Plaintiff's conclusory claims and statements that his constitutional rights are being violated without any supporting evidence.  <u>House v. New Castle County</u>, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations];

---

[3]The only exhibits Plaintiff has submitted are his various grievances filed with the Detention Center.  However, while these grievances certainly set out Plaintiff's complaints concerning the alleged conditions at the jail, they are not in and of themselves evidence that these conditions actually exist or that any constitutional violations have occurred or are occurring.



Bender v. Surburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. Conversely, the Defendants have submitted testimony from a medical professional, copies of medical records, copies of Plaintiff's disciplinary records, as well as records from the Bureau of Environmental Health to refute Plaintiff's claims. Plaintiff's failure to provide any evidence to support his allegations or to refute the evidence submitted by the Defendants is fatal to his claim for relief. See Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995) [explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range of reasonable probability" and that "[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)].

For example, in order to avoid summary judgment on his medical claim, Plaintiff must present sufficient evidence to raise a material issue of fact as to whether either named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977) ; Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).[4]   As noted, the Defendants have submitted substantial evidence reflecting the medical care and treatment Plaintiff has been provided at the

---

[4]While Plaintiff was only a pretrial detainee during the time period at issue, the deliberate indifference standard applied to convicted prisoners still applies. See Hill v. Nicodemus, 979 F.2d 987, 991-992 (4th Cir. 1992); see also Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1998) [holding that the Fourteenth Amendment guarantees at least Eighth Amendment protections].



Detention Center, in response to which Plaintiff has provided no evidence whatsoever to support the general and conclusory claims in his Complaint that his serious medical needs are being ignored. While Plaintiff obviously feels strongly about the course of treatment he is receiving for his complaints, he is not a doctor, and his lay opinion concerning his treatment is not in and of itself sufficient to create a genuine issue of fact as to whether either named Defendant, or any medical professional, has been deliberately indifferent to his serious medical condition, particularly when his medical claims are couched in such a general and conclusory fashion. House, 824 F.Supp. at 485; see Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]; see also Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence, and contrary to the medical evidence on record, insufficient to defeat summary judgment on deliberate indifference claim]). Plaintiff's medical claim is therefore without merit. See Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Similarly, notwithstanding Plaintiff's dissatisfaction with the food he receives, Defendants' evidence with respect to food quality and the "A" rating of the Detention Center's food services negates any inference of a constitutional violation with respect to Plaintiff's food. See Hadley v. Peters, No. 94-1207, 1995 WL 675990 * 8 (7th Cir. 1995), cert. denied, 116 S.Ct. 1333 (1996) ["prisons are not required to provide and prisoners cannot expect the services of a good



hotel."]  (quoting Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988));  Harris v. Murray, 761 F.Supp. 409, 415  (E.D.Va. 1990) ["Plaintiff does not state a constitutional claim for inadequate nutrition merely because there were occasions when plaintiff considered his food inedible or inadequately warmed."]; *cf.*  Waring v. Meachum, 175 F. Supp.2d 230, 239 (D.Conn. 2001) [cold diet without fruits and vegetables for a short time period not a constitutional violation].  Plaintiff's complaint about being placed in maximum security is also without merit, particularly in light of the documented evidence submitted by the Defendants showing Plaintiff's history of disruptive behavior and of being a security risk. *Cf.* Fulks v. Metts, No. 06-980, 2007 WL 2104845, at *9 (D.S.C. July 17, 2007) [Placement of violent inmate in segregation for security reasons was reasonably related to legitimate penological interest and was not impermissible punishment]; Miramontes v. Chief of Dep't of Corrections, 86 Fed.Appx. 325, 326 (9th Cir. 2004) [Plaintiff did not have a right to a due process hearing when he was placed in administrative segregation for security reasons rather than as punishment for an alleged violation of prison rules.].  While Plaintiff would have a right to disciplinary proceedings for placement in segregation due to individual disciplinary infractions; see Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002) ["A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less."]; Mitchell v. Dupnils, 75 F.3d 517, 524 (9th Cir. 1996) [A pretrial detainee who is placed in disciplinary segregation as punishment has a right to a due process hearing]; *cf.* Serton v. Sollie, No. 02-61010, 2003 WL 22849840 at *3 (5th Cir. Dec. 2, 2003) [finding no due process violation where summary judgment evidence showed that, although pretrial detainee was housed in administrative segregation without predeprivation notice and hearing, his placement was for his own protection and was not punishment for a disciplinary violation]; he has presented no

9



evidence to show he was denied such proceedings where appropriate, while the documents submitted by the Defendants indicate that disciplinary proceedings were provided. See Powers Affidavit, Exhibit B.[5] See Jordan v. Federal Bureau of Prisons, 191 Fed.Appx. 639, 655 (10th Cir. July 25, 2006) ["'Administrative segregation of an inmate, pending completion of an investigation of disciplinary charges against him, does not require elaborate procedural protections,' but requires only the inmate be given notice of the charges against him, an opportunity to present his story, and the reasons for the administrative detention."] (quoting Crispwell v. Gunter, No. 93-1137 1993 WL 372689, at *2 (10th Cir. Sept. 24, 1993)); see also Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) [holding administrative segregation placement is not a deprivation of a constitutionally cognizable liberty interest], cert. denied, 517 U.S. 1196 (1996);  Locklear v. Holland, No. 98-6407, 1999 WL 1000835 at **2 (6th Cir. Oct. 28, 1999) [Prisoners generally do not have a due process liberty interest in their placement and classification while incarcerated]; Beverati v. Smith, 120 F.3d 500 (4th Cir. 1997) [Inmates confinement in Administrative Segregation did not impose such an atypical hardship so as to implicate a liberty interest].

          The remainder of Plaintiff's claims are again so general and conclusory and lacking in evidentiary support as to fail to give rise to an issue of fact as to whether a constitutional violation has occurred. See generally, Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) ["only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"]; Landfair v. Sheahan, 911 F.Supp. 323, 325-326 (N.D.Ill. 1995) [pretrial detainee who alleged that due to overcrowding, he was forced to sleep on floor, and

---

[5]While several of these documents, titled "Disciplinary Report and Findings", reflect that Plaintiff was referred to the Disciplinary Committee, only one document, dated November 16, 2006, is an actual report from a hearing officer.



contracted meningitis, failed to state a claim because he did not set forth specific facts showing that he actually had meningitis]; <u>Isaac v. Fairman</u>, No. 92-3875, 1994 WL 63219, * 5-6 (N.D.Ill. 1994) [allegation that prisoner was provided only one uniform and denied adequate opportunity to wash did not state claim]; <u>Wilson v. Cook County Bd. of Commissioners</u>, 878 F.Supp. 1163, 1167-1168 (N.D.Ill. 1995) [pretrial detainee failed to establish that overcrowding, inadequate staffing, inadequate opportunity for exercise, and inadequate grievance procedures in detention facility violated detainee's due process rights, as detainee failed to allege remedial injury]; <u>Chavis v. Fairman</u>, No. 94-1503, 1995 WL 156599 at * 5-6 (7th Cir. Apr. 6, 1995) ["generally, even dramatic restrictions on outdoor exercise do not violate [the due process clause] so long as prisoners have ample opportunity to enjoy indoor activity"]; <u>Kidwell v. Buchanan</u>, No. 93-15056, 1993 WL 230224 at **1 (9th Cir. June 29, 1993) [Where temporary restriction of amenities was found not to be cruel and unusual punishment]; <u>Savko v. Rollins</u>, 749 F.Supp. 1403, 1409 (D.Md. 1990) [limitation on the amount of in-cell religious reading material contained in prison regulation is constitutional under <u>Turner</u>[6] standards]; <i>cf.</i> <u>Daigre v. Maggio</u>, 719 F.2d 1310, 1313 (5th Cir. 1983) ["[S]olitary confinement is a disciplinary measure whose very essence is the deprivation of interests the first amendment protects....To promote the important government interest in maintaining discipline, officials must have available sanctions that impose incremental disadvantages on those already imprisoned"].  Defendants are entitled to summary judgment on these claims.

<u>Conclusion</u>

Based on the foregoing, it is recommended that the Defendants' motion for summary

---

[6]<u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987).



judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 12 , 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

